Deal *v.* Philadelphia Civil Service Commission, Appellant.

Argued April 27, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused September 5, 1961.

*James L. Stern,* Deputy City Solicitor, with him *Matthew W. Bullock, Jr.* and *Francis X. O'Brien,* Assistant City Solicitors, and *David Berger,* City Solicitor, for Civil Service Commission, appellant.

*William J. Woolston,* with him *Samuel Tabbey,* and *Bernard J. Lemisch,* for appellees.

OPINION BY MR. JUSTICE BOK, July 17, 1961:

Appellees are both policemen who were dismissed by the Police Commissioner of Philadelphia for conduct unbecoming an officer. They were also variously indicted for conspiracy to extort and extortion, of which charges they were acquitted at their criminal trial. They were then given a hearing by the Civil Service Commission, and no one contends that this hearing lacked due process or that the Commission lacked jurisdiction. The Commission upheld the Police Commissioner and dismissed the officers' appeals. They then appealed to the court below, which reversed the decision of the Civil Service Commission and ordered the men restored to duty with full pay. The City has appealed.

We think that the court has confused jurisdictional and procedural requirements with the merits of the case.

Section 7-201 of the Philadelphia Home Rule Charter, concerning the Civil Service Commission, reads: "Findings and decisions of the Commission and any action taken in conformance therewith as a result thereof shall be final and there shall be no further appeal on the merits, but there may be an appeal to the courts on jurisdictional or procedural grounds."

This means that the court below and this court as well are limited to hearing these cases on narrow certiorari: *Addison Case*, 385 Pa. 48 (1956), 122 A. 2d 272; *Kaufman Construction Co. v. Holcomb*, 357 Pa. 514 (1947), 55 A. 2d 534. In the latter case we said: ". . . where a statute expressly provides that there shall be no appeal the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous."

On an appeal under narrow certiorari neither the opinion nor the testimony of the decision on review should be considered: *Bell Appeal*, 396 Pa. 592 (1959), 152 A. 2d 731.

As President Judge KELLER said in *Heffernan's Appeal*, 121 Pa. Superior Ct. 544 (1936), 184 A. 286, and quoted approvingly by us in *Hellertown Borough Referendum Case*, 354 Pa. 255 (1946), 47 A. 2d 273: " 'The test of jurisdiction is whether the court has the power to enter on the inquiry; not whether it can, in the circumstances here present,' grant what is asked for. 15 Corpus Juris, Sec. 35, p. 735 makes this statement: 'Such jurisdiction the court acquires by the act of its creation, and possesses inherently by its constitution; and it is not dependent upon the sufficiency of the bill or complaint, the validity of the demand set forth in the complaint, or plaintiff's right to the relief de-

manded, the regularity of the proceedings, or the correctness of the decision rendered.'"

Due procedure is provided for in administrative hearings by the Act of June 4, 1945, P.L. 1388, §33, 71 PS §§1710.31-1710.34, and is summed up in *Addison Case,* supra (385 Pa. 48) as follows: "he had due notice of the hearing . . . appeared there, was represented by counsel and testified in his own behalf."

None of these jurisdictional and procedural require-. ments was violated and no such defect has been alleged. To the contrary, the City's complaint is that the court went beyond them and considered the merits. This is what the court said: "In our view of the record, a grave jurisdictional question is involved. The Civil Service Commission patently failed to assume and carry out its responsibility of reviewing the case and deciding it upon the facts disclosed by the testimony before it. Instead, it based its decision upon the opinion of the appointing power as to the credibility of the sole accusing witness. It ascribed no weight to the jury's verdict of not guilty; it did not consider the effect of the voluminous reputation testimony; on the contrary it constituted itself an appellate body to reverse the action of the jury. If the Civil Service Commission had found appellants guilty upon any one or more of the other charges filed against them, its action might be unimpeachable. But it forfeited and surrendered its jurisdiction to hear and decide the appeals on the merits as disclosed before it. Such a disposition of appeals is completely destructive of the letter and the spirit of civil service, and is an abandonment of merit employees to the whim of the appointing power, who may, by reason of physical infirmity, emotional distress, personal animosity, or other legally insufficient reason, be totally incapable of forming a calm, deliberate and fair judgment.

. . .

"The procedural errors alleged are (a) that the commission erred in permitting hearsay evidence promiscuously throughout the proceeding; (b) in finding 'since we cannot say that the Police Commissioner did not have just cause to dismiss the appellant, we are compelled to sustain his action, and sustain the dismissal of the appellants'; (c) in sustaining appellant's dismissal without determining upon which charges; and (d) in totally ignoring appellant's abundance of affirmative evidence as to his previous good reputation."

Merely calling such matters jurisdictional and procedural does not make them so. It is obvious from simply reading the above portions of the court's opinion that it considered the merits.

Even if the foregoing were not so, there could not possibly be error in failing to take into account the outcome of the criminal trial or the character testimony produced there. The levels of proof of guilt are quite different: *Caldwell v. Fairley,* 363 Pa. 213 (1949), 69 A. 2d 135; *Souder v. Philadelphia,* 305 Pa. 1 (1931), 156 A. 245.

The appellees' position is, apart from laboring the evidence, that the Commission failed to adjudicate or make findings. In Section 7-201 of the Charter it is provided: "The findings and decisions of the Commission shall be in writing and shall be certified to the Personnel Director. . . If the Commission overrules the appeal of the employe, it shall confirm the action of the appointing authority which shall be final as of the date it was taken."

The Commission filed an opinion in writing, outlining the charges and the history of the case and ending this way: "The entire case against these appellants, therefore, rests with the testimony of Mrs. Jaron, unsupported by any witnesses or tangible evidence. She testified that Mr. Stein, a business associate and friend, told her that the appellants had demanded $200 to

'save her license'. She testified that she placed $200 in an envelope and met the appellants and Mr. Stein at the police headquarters at 19th and Oxford Streets on July 5, 1958, where she gave the envelope to Mr. Stein who in turn dropped it into appellant Deal's lap. She testified that Deal then put the envelope in his pocket. Other than the appellants' denials there is nothing in the record that directly refutes this testimony.

"We are charged solely with deciding whether or not the appointing authority, after considering all the relevant facts, had just cause to dismiss these appellants and did not act arbitrarily or capriciously. This has been the policy forming the basis of all our decisions in disciplinary matters. Since we cannot say that the Police Commissioner did not have just cause to dismiss appellants if he believed Mrs. Jaron's statements we are compelled to sustain his action and, therefore, we deny the appeals, sustain the dismissals and so certify to the Personnel Director."

While this is not as incisive an adjudication as one might like, under the Act of June 4, 1945, supra, (71 PS §1710.34), which requires adjudications to contain findings and reasons, we regard it as tantamount to saying that Mrs. Jaron's evidence was competent for the appointing authority to pass upon and, if believed, to act upon. Appellees complain that a telephone call, which was ruled out at the hearing, forms the basis for the sentence in the opinion above: "She testified that Mr. Stein . . . told her that the appellants had demanded $200 to 'save her license'." That is true enough, but if such use of excluded testimony was error it was harmless, since there is ample evidence, not objected to, of what was done when Mrs. Jaron and Stein reached the police station and handed over the money.

It is necessary to mention the evidence to this extent, since the appellees seek the cover of *Vandergrift Borough v. Polito,* 397 Pa. 538 (1959), 156 A. 2d 99. There

is no balm of Gilead in it for them, for the factual position is utterly different. We said there, at page 541: "We are not here reviewing a case where an administrative tribunal merely received some evidence which was hearsay but a case where evidence was secretly received and acted upon in clear defiance of the requirements of the statute. . . . A hearing necessarily requires notice and an opportunity to defend."

The appellees' final position is that the Commission failed to consider certain evidence properly of record, namely, their evidence. Not mentioning it and not considering it are different things, and saying that there was nothing in the record that refuted Mrs. Jaron's evidence means that the Commission either did not regard it as refutational or didn't believe it outright. These are not matters for the court below or this court to pass upon on narrow certiorari.

The orders are reversed and the decision of the Civil Service Commission is reinstated. Costs to be paid by appellees.