In the Matter of Appeal of Cecil A. Harris. Cecil A. Harris, Appellant.

Submitted on briefs May 9, 1985, to Judges Doyle and Colins, and Senior Judge Barbieri, sitting as a panel of three.

*Jonathan Walters, Kirschner, Walters, Willig, Weinberg & Dempsey,* for appellant.

*Jesse Milan, Jr.,* Assistant City Solicitor, for appellee.

Opinion by Judge Doyle, August 9, 1985:

Cecil A. Harris (Appellant) appeals to this Court from an order of the Court of Common Pleas of Philadelphia County which affirmed a decision and order of the Philadelphia Civil Service Commission (Commission) denying Appellant's request for backpay for approximately four months of a seven month period of suspension from employment.

Appellant is employed as a tow-truck operator for the Philadelphia Police Department. On February 27, 1979, he was scheduled to work the night shift. Sometime after reporting to work at 10:30 P.M., he received orders to clear an area near a church for a funeral to be held the next morning. When he arrived at the scene, at approximately 1:00 A.M., he observed a 1970 Cadillac as one of the cars which, in his opinion, needed to be towed. Appellant testified before the Commission that the Cadillac was very dirty and in his judgment appeared to be abandoned. He removed the automobile from the scene and was in the process of towing it to the city garage when he was stopped by the police. The owner of the Cadillac (Mr. Coleman) testified that on the evening of February 27, 1979, he parked his car legally on the street in an unrestricted location just as usual, and, when he discovered it being towed away at approximately 1:30 A.M. the next morning, he immediately reported to the police that it had been stolen. The two officers making the stop of Appellant's truck testified that Mr. Coleman's automobile was dirty, but otherwise appeared to be in good condition and had a proper inspection sticker and tag. Appellant's supervisor, Theodore Hall, who also observed Mr. Coleman's vehicle after it had been towed, testified that, in his opinion, it was not an abandoned vehicle.

On March 2, 1979, Appellant was served with a notice of suspension and intent to dismiss. His dismissal was effective ten days after that. Within thirty days of the dismissal, he filed a timely appeal to the Commission. Hearings were scheduled for two dates in July of 1979, but both times were continued at Appellant's request pending resolution of criminal charges which had been filed against him on March 1, 1979 in connection with the towing incident. A hearing was finally held on October 31, 1979, by which

time the criminal charges had been quashed and Appellant had been reinstated to his former position by the Department. No testimony was taken at the Commission's hearing; the Commission merely requested submission of memoranda on the issue of back-pay. Following submission of these memoranda, Appellant's appeal was dismissed on February 7, 1980. A request for reconsideration was denied on February 20, 1980, and on April 15, 1980, Appellant appealed to the court of common pleas. The court remanded the matter to the Commission for an evidentiary hearing, which was held on March 4 and March 24, 1981. On April 4, 1981, the Commission issued a decision and order sustaining Appellant's request for back-pay for all but ninety days, concluding that a suspension for that length of time was warranted on the facts. This decision was affirmed on appeal to the trial court and it is from the trial court's order that Appellant now appeals.

The trial court correctly conducted its review within the confines of Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), concluding that the Commission's adjudication was not in violation of any constitutional rights of Appellant and was reached in accordance with law, and that all necessary findings of fact were supported by substantial evidence in the record. Since the trial court took no additional evidence, our scope of review is also directed to the findings and conclusion of the Commission. *Kujawa v. City of Williamsport*, 67 Pa. Commonwealth Ct. 38, 445 A.2d 1348 (1982).

Appellant first argues that the Department was required as a matter of law to award him back-pay for all but thirty days of his unemployment because Philadelphia Civil Service Regulation 17.04 prohibits an "appointing authority" from suspending an employee without pay for more than thirty days. This

appeal, however, was brought pursuant to Section 7-201 of the Philadelphia Home Rule Charter,[1] under which, in all but a few well-defined exceptions,[2] discretion to grant or deny back-pay upon reinstatement is vested in the Commission. We see no distinction in the fact that the Department here took it upon itself to reinstate Appellant during the pendency of his appeal. This did not convert their initial action from a dismissal into a suspension, and the issue of back-pay therefore remained before the Commission.

Appellant argues next that the imposition of any penalty was unwarranted because the Commission's finding of "just cause" for suspension or dismissal is not supported by substantial evidence.[3] More specifically, Appellant argues that he was dismissed for illegally and intentionally taking Mr. Coleman's automobile, and since the Commission now acknowledges that this act was *not* intentional but was merely the result of an error of judgment, no basis for the disciplinary action remains. This argument rests upon an inaccuracy. Appellant was discharged only for taking unlawful possession of a legally parked, validly licensed and inspected motor vehicle. Had the Department determined that Appellant's act was *intentional,* it surely would not have reinstated him, but it does not necessarily follow that if the act was unintentional it was also entirely nonculpable. The Commission relied on the following passages from the

---

[1] 351 Pa. Code §7.7-201.

[2] The award of back-pay is mandatory where reinstatement follows any action of any appointing authority which was taken for "any political, religious or racial reason, or labor union activity lawful for municipal employees. . . ." 351 Pa. Code §7.7-201.

[3] "Any dismissal or demotion after the completion of the required probationary period of service, or suspension of any employe in the civil service shall be for just cause only." 351 Pa. Code §7.7-303.

Pennsylvania Supreme Court decision in *O'Gorman Appeal,* 409 Pa. 571, 187 A.2d 581 (1963), for the proper criteria to apply in determining whether or not "just cause" exists within the meaning of the Philadelphia Charter:

What constitutes ample (just) cause for removal . . . must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee, and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service.

. . . .

All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position.

*Id,* at 576-77, 187 A.2d at 583-84.

Applying this standard, the Commission concluded that although the facts did not amount to just cause for dismissal, they nevertheless evidenced an error in judgment which unquestionably reflected on Appellant's personal ability to perform his job and thus amounted to just cause for a lengthy suspension. This conclusion was within the Commission's discretion and will not be disturbed on appeal.

Finally, Appellant claims that he was prevented from examining his supervisor at the March 24, 1979 hearing regarding possible disparate treatment of

other Department employees who had made errors similar to Appellant's own.

The line of questioning pursued by Appellant's counsel was, in relevant portion, as follows:

Q. Has an employee ever been terminated for making a mistake and bring [sic] in a car that had valid tags and a valid inspection?

Mr. Malloy [Counsel for the Department]: Objection.

Mr. Ettinger [Commissioner]: We'll allow the question.

The Witness: No, to my knowledge.

Q. To your knowledge, has an employee ever been suspended for making that mistake?

Mr. Malloy: Objection, again.

Mr. Ettinger: Well, now, I think we've gone as far as we can go. . . .

. . . .

Mr. Walters: . . . . [W]hat I think is important the Commission know is what is the prior history of any sort of discipline when employees have made that sort of error.

Mr. Ettinger: No, no because we hear cases on an ad hoc basis. The circumstances and facts are not always identical. I think we have granted you wide latitude and leeway when we permitted you to ask the last question and I don't think we can go any further in this line. We'll grant you an exception. We sustain the objection. It's for the Commission to decide what should be done, not this gentleman. This is our job and we will find what we have to on the basis of what we have before us.

Section 554 of the Local Agency Law, 2 Pa. C. S. §554, specifies that agencies are not to be bound by technical rules of evidence. Any evidence which is

relevant to the issues before the agency and is of reasonable probative value may be received. This rule reflects a non-restrictive standard which favors the liberal admission of evidence at administrative proceedings. *Wilson v. Philadelphia Board of License & Inspection Review,* 16 Pa. Commonwealth Ct. 586, 329 A.2d 908 (1974). Nevertheless, the language of Section 554 clearly keeps questions of relevancy within the discretion of the fact finder. The fact finder in this case apparently concluded that the excluded testimony was not relevant to any issue before it. We agree. Given that Appellant did not allege, in his appeal to the Commission, any discrimination or ulterior motive for his discharge, disparate treatment was not an issue before the Commission. Furthermore, if this question had been allowed and had been answered in the negative, this, without more, would not necessarily have been probative of disparate treatment, since, as the Commission indicated, a slight difference in circumstances might have transformed an inexcusable error into a reasonable one. Finally, the question was posed on cross-examination of a *Department* witness, and was far afield of any matter inquired into on direct. Section 554 provides that *reasonable* examination and cross-examination shall be permitted. We believe the Commission could correctly determine that the cross-examination of this witness was *not* reasonable, and upon the Department's timely objection, properly curtail it.

We will affirm the decision of the court of common pleas.

ORDER

Now, August 9, 1985, the decision of the Court of Common Pleas of Philadelphia County, No. 1227 May Term, 1981, dated February 4, 1983, is hereby affirmed.