505 A.2d 339

State Correctional Institution at Graterford, Pennsylvania, Department of Corrections, Office of General Counsel, Petitioner *v.* Larry N. Jordan, Respondent.

Submitted on briefs February 6, 1986, to Judges BARRY and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Theodore G. Otto, III,* Assistant Counsel, for petitioner.

*Paul R. Weber,* for respondent.

OPINION BY JUDGE PALLADINO, March 7, 1986:

This is an appeal by the State Correctional Institution at Graterford (Petitioner) from an order of the State Civil Service Commission (Commission) which sustained an appeal of Larry N. Jordan (Respondent) from a three-day suspension and ordered that Respondent be reimbursed for lost wages and emoluments that he suffered as a result of the suspension. We affirm.

Respondent was employed by Petitioner in June of 1984 as a Corrections Officer I, regular status. By letter dated July 5, 1984, Respondent received a three-day suspension from his position for failure to comply with an order to work, and not calling in to report off. Respondent timely appealed the suspension to the Commission. After a hearing, the Commission found that Respondent did not report to work for an overtime shift scheduled for June 24, 1984, because he never received notice that he was scheduled to work that shift. The Commission determined that Petitioner did not meet its burden of proving that Respondent knew or should have known that he was scheduled to work. The Commission concluded that Respondent was suspended without good cause and, therefore, ordered that Respondent be reimbursed for lost wages and emoluments and that the suspension be expunged from Respondent's personnel record.

Petitioner appeals the Commission's adjudication asserting three grounds of error: 1) that the Commission capriciously disregarded competent evidence; 2) that the Commission erred in concluding that Petitioner had not met its burden of proof; and 3) that the

Commission erred in not making a specific factual finding as to whether Respondent knew or should have known that he was scheduled to work on June 24, 1984.

We begin by noting that our scope of review in appeals from the Commission where the party with the burden of proof has not prevailed below is limited to a determination of whether constitutional rights have been violated, an error of law committed, or the findings of fact are in capricious disregard of competent evidence. *See Pennsylvania Liquor Control Board v. Smith*, 86 Pa. Commonwealth Ct. 128, 131 n.1, 484 A.2d 201, 203 n.1 (1984).

Petitioner argues that the Commission capriciously disregarded a memorandum, which was accepted into evidence, dated June 24, 1984, written by Respondent's superior officer and which stated: "On Wednesday, June 20th, 1984, Officer L. Jordan was ordered to work 8 hours of Mandatory overtime on his regular day off, June 24, 1984 from 2:00 p.m. to 10:00 p.m. Officer L. Jordan did not report for the mandatory overtime as he was ordered to do." Petitioner supports this argument by pointing to a statement made by the Commission in the Discussion part of its Adjudication that "there was no evidence that [Respondent] was ordered to work overtime." Petitioner asserts that because the memorandum was evidence on this issue, and the Commission states that there was none, the Commission capriciously disregarded the evidence. Our thorough review of the record and the Commission's Adjudication, however, lead us to conclude that this argument is without merit.

The memorandum is the only shred of evidence which indicates that Respondent was ordered to work on June 24, 1984. Conversely, the testimony of Respondent, who denied receiving such an order; the testestimony of Respondent's supervisor, who testified did not recall hearing the order being given; and the

testimony of Respondent's supervisor, who testified at the hearing but did not state that he gave the order, support the Commission's determination that there was "no credible evidence that [Respondent] knew or should have known of the overtime assignment. . . ." We must, therefore, conclude that the Commission made a credibility determination in favor of Respondent. This is the Commission's role as factfinder and does not constitute a capricious disregard of evidence. See *Johnson v. Department of Transportation,* 77 Pa. Commonwealth Ct. 486, 466 A.2d 731 (1983).

Petitioner's second assertion of error, that the Commission improperly concluded that Petitioner did not meet its burden of proof, also relies upon the memorandum quoted above. Petitioner argues that because it presented the memorandum as proof that Respondent had been ordered to work, it met its burden of proving its charge that Respondent failed to report to work as ordered. The Commission rejected the memorandum as not credible. Petitioner, therefore, did not meet its burden of producing substantial, credible evidence.

Finally, Petitioner contends that the Commission erred by not making a specific finding that Respondent did not know or should not have known that he was scheduled to work. This argument must be rejected. As noted earlier, the Commission did state in its discussion that there was no credible evidence on this issue. Furthermore, Respondent was suspended for *failure to obey an order* to report to work. The Commission found that no such order was given. The Commission's finding is sufficient to conclude that Petitioner did not have good cause to suspend Respondent.

Accordingly, the order of the Commission is affirmed.

## ORDER

AND NOW, March 7, 1986, the order of the State Civil Service Commission, Appeal No. 5295, dated April 2, 1985, is affirmed.