598 A.2d 344

**COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL, Petitioner,**

**v.**

**Larry A. COLBERT, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 1991.

Decided Oct. 8, 1991.

John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, for petitioner.

Mark D. Greenwald, Asst. Dist. Atty., for respondent.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

We are presented with a case in which a law enforcement agency dismissed an employee alleging that he had not timely filed a state personal income tax return for 1987 and that he had accumulated and failed to pay parking tickets in excess of $1,000 while on duty, resulting in the issuance of an arrest warrant. The state agency is the Office of Attorney General (Agency); the employee is Larry A. Colbert (Colbert).

Colbert worked for the Agency as an affirmative action analyst. In this position he was responsible for recruiting minority candidates for positions with the Agency for investigating employee complaints of discrimination and sexual harassment, for assisting managers on equal opportunity issues, and for preparing the affirmative action plan of the Agency. Colbert worked for the Agency and its predecessor for 18 years.

In 1985, the Agency discovered Colbert had not filed state personal income tax returns for the years 1979 through 1984. Colbert was suspended for ten (10) days and advised that another failure to file would be cause for termination. In 1990, the Agency received notice that an arrest warrant had been issued against Colbert based on an accumulation of forty (40) unpaid parking tickets.

Virtually all of the parking tickets Colbert received were for illegally parking his car during working hours in the immediate vicinity of the Agency office in downtown Harrisburg. This was so despite the fact that the Agency provided Colbert with free parking at a parking garage also in the immediate vicinity of the office.

When the arrest warrant was issued on or about December 8, 1989, the fines against Colbert amounted to

$1634.50.[1]   At that point he worked out a payment plan with the District Justice and made an initial payment of $300.   Another $570 was paid between December 1989 and February 1990.   At this point, Colbert was still continuing to accumulate unpaid parking tickets.[2]

Colbert was fired by the Agency on March 29, 1990.   He subsequently appealed to the State Civil Service Commission (Commission) claiming he had been fired without just cause.   A hearing was held on August 16, 1990 after which the Commission concluded the Agency had not established just cause for termination and on November 21, 1990 ordered Colbert reinstated with back pay.   In so doing, the Commission determined that there exists no Agency policy which bars employees from receiving parking tickets or advises them of disciplinary consequences arising therefrom and that "parking tickets, in and of themselves, [do not] justify the imposition of disciplinary action."

■   On appeal to this Court, the only issue for our determination is whether the Commission erred in not concluding that Colbert's accumulation and nonpayment of parking tickets constituted just cause for his dismissal.[3]   71 P.S. § 741.807.   Our scope of review of an adjudication of the Commission is limited to determining whether constitutional rights or provisions of statutes governing practice and procedure of Commonwealth agencies have been violated, whether errors of law have been committed, and whether the Commission's essential findings of fact are unsupported by substantial evidence.   *Balas v. Department of Public Welfare*, 128 Pa.Commonwealth Ct. 205, 563 A.2d

1.   After a citation is issued for a parking ticket, a fine of $15.00, plus a cost of $19.50 for court purposes and a $15.00 constable fee are added so that each ticket received by Colbert was valued at $49.50 in fines and costs.

2.   After the arrest warrant was issued on December 8, 1989, Colbert received four (4) additional tickets which he neither paid nor contacted the District Justice about.

3.   Colbert's alleged failure to timely file a state personal income tax return in 1987 was not included in the statement of questions involved, was not briefed, and is, as conceded by the agency in their brief at p. 10, "unreviewable."

219 (1989). In reviewing the discharge of a civil service employee, the function of an appellate court is to ensure that just cause for dismissal exists both factually and legally. *Lewis v. Philadelphia Civil Service Commission,* 518 Pa. 170, 542 A.2d 519 (1988).

■ Colbert argues that there was not just cause for his discharge because the Agency had no specific policy concerning non-payment of parking tickets. While no policy of the Agency specifically pertains to receipt or non-payment of accrued parking tickets, the Commission regulations provide for just cause separation of employees from classified service as follows:

(a) Good cause for suspension shall be one of the following:

(1) Insubordination.

(2) Habitual lateness in reporting for work.

(3) Misconduct amounting to violation of law, rule or lawful and reasonable Departmental orders.

(4) Intoxication while on duty.

(5) Conduct either on or off duty which may bring the service of the Commonwealth into disrepute.

(6) Similar substantial reasons.

4 Pa.Code § 101.21(a).

While our research has revealed no appellate court decisions regarding whether a civil service employee can be dismissed for non-payment of parking tickets, courts of this Commonwealth have considered analogous "just cause" terminations.

In *O'Gorman Appeal,* 409 Pa. 571, 187 A.2d 581 (1963) our Supreme Court rejected the same argument posited here by Colbert. In *O'Gorman,* a Philadelphia civil servant argued that acceptance of inappropriate gifts did not constitute just cause for dismissal because the City had no rules specifically prohibiting such gifts. In declining to accept the argument advanced by the civil servant employee, the Court affirmed the dismissal and stated that "[w]ide latitude must be left to an employee's superior officer in

determining what constitutes just cause." 409 Pa. at 577, 187 A.2d at 584. The Court further stated:

'What constitutes ample [just] cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service.' *Id.* citing *Thomas v. Connell,* 264 Pa. 242, 107 A. 691 (1919).

This Court has also deemed a police officer's "personal flaunting of the law for his own convenience" sufficient to justify his dismissal on the basis that his actions tended to destroy public respect for municipal employees and the operation of the municipal government. *See Eppolito v. Bristol Borough,* 19 Pa.Commonwealth Ct. 99, 102–03, 339 A.2d 653, 656 (1975). *See also Salvati v. Berks County Board of Assistance,* 81 Pa.Commonwealth Ct. 629, 632, 474 A.2d 399, 401 (1984) (In determining good cause for suspension, arrest for possessing and selling controlled substances may be considered as conduct which may bring the service of the Commonwealth into disrepute) and *Stone v. State Correctional Institution at Graterford,* 55 Pa.Commonwealth Ct. 188, 189, 422 A.2d 1227, 1228 (1980) (Dismissal of prison guard for possession of marijuana proper since such conduct violates the parameters of the sensitive position held and casts doubt upon competency and ability to execute duties).

The same result is warranted here. Colbert's receipt and ignoring forty (40) parking tickets erodes the public trust, confidence and management of the chief law enforcement office of the Commonwealth. This conduct, which continued even after the issuance of the arrest warrant, evidences an individual who had a continued, on-going disregard for the law. Such flagrant unmitigated behavior adversely affects the image of the Agency for which he worked.

Having determined that Colbert's persistent failure to satisfy his legal obligations constitutes just cause for dis-

missal and that the Commission committed an error of law, we reverse the determination of the State Civil Service Commission and uphold Colbert's dismissal.

## ORDER

AND NOW, this 8th day of October, 1991, the order of the State Civil Service Commission is reversed.