**Michael G. METRICK, Petitioner,**

v.

**CIVIL SERVICE COMMISSION (Butler County, Department of Public Welfare), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 1996.
Decided Dec. 23, 1996.

David L. Cook, Butler, for petitioner.

Jason W. Manne, Assistant Counsel, Pittsburgh, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Michael Metrick appeals the order of the State Civil Service Commission (Commission) sustaining Metrick's suspension and removal from his position as an Income Maintenance Caseworker for the Pennsylvania Department of Public Welfare (DPW). We affirm.

Metrick was employed in the Butler County Assistance Office (CAO) where his duties involved receiving and processing initial applications filed by persons seeking welfare assistance. In 1992, Metrick became a life insurance agent for Primerica, while continuing to maintain his job with DPW. Thereafter, Metrick united his two vocations in the manner described by the Commission's findings of fact:

6. On or about February 28, 1994, Natalie Enslen went to the … CAO to apply for food stamps. [Metrick], while reviewing her application with her, asked for life insurance information she had not included on her application. [Metrick] advised her that her premium seemed high and offered to come to her home to show how she could save money. N.T. pp. 11–12. At her home,[Metrick] attempted to sell a life insurance policy to Ms. Enslen and her husband. N.T. pp. 12–13.

7. On or about March 17, 1994, Grace Merrill went to the CAO to apply for food stamps and child care. Ms. Merrill met with [Metrick], who, after reviewing her application, advised her that she was ineligible. [Metrick] subsequently asked for her life insurance information and offered his home telephone number in case she was interested in buying life insurance. N.T. pp. 18–21.

8. The [CAO] was advised of [Metrick's] activities by complaints from a client and from a competing insurance agent. N.T. pp. 79, 189.

Commission's Adjudication, pp. 2–3.

Metrick was suspended and thereafter removed from his employ with DPW for the following reasons: (1) he failed to follow DPW policy by filing a dual employment certification request; (2) he conducted personal business during .work hours on Commonwealth property; (3) he violated confidentiality regulations regarding his clients; (4) he used information gained while conducting Commonwealth business for personal gain; and (5) he misrepresented his Commonwealth employment status by implying to his clients that he was a financial advisor affiliated with the State. Metrick appealed this determination to the Commission. Following a hearing, the Commission found that all of the charges were supported by sufficient evidence and that they constituted "just cause" for Metrick's removal.

On appeal to this Court, Metrick posits a single issue: whether he was suspended and removed for just cause. This

Court's scope of review is limited to determining whether the Commission's findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Morrison v. Department of Corrections,* 659 A.2d 620 (Pa.Cmwlth.1995).

Just cause for removal is a question of law, reviewable by this Court. *Department of Corrections v. Roche,* 654 A.2d 64 (Pa.Cmwlth.1995), *appeal denied,* 541 Pa. 644, 663 A.2d 695 (1995). "Just cause must be related to the employee's job performance and touch in some rational and logical manner upon the employee's competency and ability." *Id.* at 67. There is no question that just cause for removal exists where a State employee takes private advantage of confidential information delivered to him in the course of his State duties, from those who are among the most vulnerable in our society, and who are relying upon the employee for assistance at a time of financial difficulty. To state the facts of this case, essentially summarized in the Commission's findings of fact numbers 6 and 7, set forth above, and further highlighted by Ms. Enslen's testimony that Metrick held himself out to be a financial advisor, is to state just cause for Metrick's removal.

Metrick's argument ranges over several points. A good portion of his argument challenges the weight of the evidence relied upon by the Commission. This argument concerns whether substantial evidence supports the Commission's findings. We note that Metrick did not raise an issue with regard to substantial evidence in his statement of questions, and therefore such issue is waived. Pa. R.A.P. 2116(a). Even assuming that such an issue is suggested in Metrick's blanket argument that just cause did not exist for his removal, it is wholly meritless. The Commission is the sole judge of credibility where there is competing testimony. *State Correctional Institution at Albion v. Bechtold,* 670 A.2d 224 (Pa.Cmwlth.1996). Our review of the record satisfies this Court that substantial evidence supports the findings of fact made by the Commission.

Metrick also argues that "[w]ith regard to the violation of confidentiality, the use of information gained while conducting Commonwealth business for personal gain, and misrepresentation of Commonwealth status, it is the position of the Petitioner that none of these alleged violations were done willfully or contrary to known policies as determined by [DPW]." Metrick essentially argues that he was unaware that he was violating rules and that DPW should have warned him against continuing his behavior rather than automatically removing him from his employ. Linked to this argument is Metrick's contention that other employees in his office were also engaged in some form of outside activity. These arguments are likewise meritless.

DPW is not required to show that Metrick's violations of its regulations or work rules were done intentionally in order to impose discipline. *See Pennsylvania Liquor Control Board v. Smith,* 86 Pa.Cmwlth. 128, 484 A.2d 201 (1984). Further, this Court has previously held that even where the appointing authority has no policy concerning the infraction at issue, if such infraction is serious enough to erode the public trust of the agency or otherwise adversely affects the image of the agency, then just cause exists for the employee's dismissal. *Office of Attorney General v. Colbert,* 142 Pa.Cmwlth. 657, 598 A.2d 344 (1991), *appeal dismissed,* 533 Pa. 95, 619 A.2d 1062 (1993). The Commission was correct in its Adjudication to find that Metrick's behavior rose to this level of seriousness. *See* Commission's Adjudication, pp. 7–8. Moreover, evidence of record indicates that Metrick had received a DPW Supplemental Handbook on safeguarding the confidentiality of client information. *See* N.T., pp. 30–31.

Regarding the outside activities of others in Metrick's office, the record supports the Commission's findings that Metrick's activity was unique in that Metrick's sales efforts were focused upon clients and that these efforts led to complaints. The record indicates that most of the activity of other employees involved selling items to fellow employees, often for charitable causes such as benefitting the Girl Scouts with cookie sales. Notwithstanding, the actions of other employees can provide no excuse for Metrick's

patent violation of his official relationship with DPW clients for personal gain.

The order of the Commission is affirmed.

### ORDER

AND NOW, this 23rd day of December, 1996, the order of the State Civil Service Commission in the above-captioned matter is hereby affirmed.