Shirley J. Rucker, Appellant *v.* Civil Service Commission of the City of Pittsburgh, Appellee.

Submitted on briefs March 12, 1985, to Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Larry P. Gaitens, Gaitens & Tucceri, P.C.,* for appellant.

*Richard J. Joyce,* Assistant City Solicitor, with him, *D. R. Pellegrini,* City Solicitor, for appellee.

OPINION BY JUDGE CRAIG, April 24, 1985:

Shirley Rucker appeals from an order of the Court of Common Pleas of Allegheny County affirming the City of Pittsburgh Civil Service Commission which in turn had affirmed a recommendation of a police trial board that the city suspend Rucker for one year and seek restitution because Rucker allegedly obtained and cashed a city payroll check belonging to Darla Kozak without Kozak's authorization. Rucker questions the order on several grounds.

Because we find that the commission's order is supported by substantial evidence and that the trial court correctly affirmed the commission, we affirm.

First, Rucker contends that the commission's order is not supported by substantial evidence. In the proceedings before both the trial board and the commission, the teller who cashed the paycheck, Pat Rini, testified that she saw Rucker, in uniform sitting in the passenger seat of a city police car, next to the driver, when it stopped at Rini's teller window. The payee of the paycheck in question, Darla Kozak, testified that she never gave anyone permission to pick up or cash her paychecks. Rini's identification of Rucker is substantial evidence to support the finding that Rucker wrongfully cashed a city payroll check not belonging to her.

Rucker cites various contradictions in Rini's testimony given at city court, trial board, criminal court and the commission, in an effort to show that Rini was "confused and unclear" regarding her identification of Rucker. However, none of Rini's testimony contradicts the positive identification of Rucker as the policewoman who cashed the paycheck.

Second, Rucker alleges that the departmental authorities did not certify the trial board recommendation *to the mayor* until over six months after the trial board rendered its decision and that this delay violated the provisions of the Act of August 10, 1951, P.L. 1189, §8, *as amended,* 53 P.S. §23538. That section provides, in pertinent part, that:

> [A]fter a full and complete hearing, the court of trial or inquiry shall determine its decision which shall be promptly certified in writing *to the mayor.* After approval by the mayor in writing . . . . (Emphasis added.)

However, in proceedings before the commission, Rucker's counsel stated:

> I submit that they were taking their other shot first and I think that's relatively evident.

The [criminal court] decision, at Christmas, and then, thirteen days later, he [the mayor] signs the order, *on his desk for six months.* (Emphasis supplied.)

Because the trial board issued its decision on June 29, 1981, counsel's acknowledgment, that the decision had been on the mayor's desk for six months before he accepted it in early January of 1982, confirms that the department had, in fact, promptly certified the recommendation to the mayor, apparently not later than early July, 1982.

The mayor's reasons for not signing the trial board's order more expeditiously are not revealed in the record, but the statute does not require the mayor to act upon a trial board decision within any specified period of time.

Third, Rucker contends that, because the mayor did not finalize the trial board action until a separate criminal trial on the same matter had concluded, the doctrine of election of remedies estopped the city from pursuing the civil service disciplinary action.

Such a contention is a misapplication of the doctrine of election of remedies. There can be no election where there is only one remedy available. *Blythe Township Municipal Authority v. Public Utility Commission,* 191 Pa. Superior Ct. 542, 159 A.2d 256 (1960), *overruled as to other grounds,* and *Akron Borough v. Public Utility Commission,* 453 Pa. 554, 310 A.2d 271 (1973). Additionally, the remedies in question must be different and the same parties must be involved in both.

Here, Ruker and the Commonwealth were the parties to the criminal proceeding, and only the Commonwealth, not the city, had the authority to prosecute the case. Because the city was not a party to the criminal proceeding, it could not consider that prosecu-

tion to be a remedy. The court's order, dismissing all criminal charges against Rucker, did not require the city to drop its administrative charges. *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959).

Finally, Rucker contends that the commission exceeded its scope of review when it called witnesses. We do not agree. Section 8, 53 P.S.§23538, states, in pertinent part, that the Civil Service Commission "in arriving at its decision, may permit the taking of additional testimony, but shall not be bound to do so." Here, the commission clearly had legal power to insist upon hearing additional testimony, to supplement its review of the record. Because the commission did not introduce any new issues when it obtained the additional testimony, the proceedings were not defective under our decision in *Somerset Mental Retardation Unit, Department of Public Welfare v. Sanders*, 85 Pa. Commonwealth Ct. 549, 483 A.2d 1018 (1984), in which a civil service commission raised an entirely new issue.

Accordingly, we affirm.[1]

### ORDER

Now, April 24, 1985, the order of the Court of Common Pleas of Allegheny County, dated December 17, 1982, is affirmed.

---

[1] Although Rucker's brief contains a generalized mention that "essential principles of evidence law" should require that Rini's testimony be disregarded, neither the statement of questions in the brief nor the brief itself pursue that issue. Hence this court shall not do so.