Civil Service Commission of the City of Philadelphia, Appellant *v.* Janet Wiseman, Appellee.

Submitted on briefs September 9, 1985, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Barbara W. Mather*, City Solicitor, with her, *Ralph J. Teti*, Divisional Deputy City Solicitor, for appellant.

*Lee W. Jackson*, with him, *Adam Radinsky, Kirschner, Walters, Willig, Weinberg & Dempsey*, for appellee.

OPINION BY JUDGE DOYLE, December 9, 1985:

The Civil Service Commission of Philadelphia (Commission) appeals from an order of the Court of Common Pleas of Philadelphia County which reversed the Commission's decision, and directed reinstatement of Janet Wiseman (Appellee) to her position as school crossing guard.

Appellee was employed by the school crossing guard unit of the Philadelphia Police Department. While off duty from her position on December 6, 1981, Appellee forcibly entered the home of her daughter's neighbor, Anna Hirsch, and assaulted her. As a result of this altercation, Hirsch became injured and was forced to flee her home in search of help. When Hirsch returned shortly thereafter, Appellee and Appellee's daughter were waiting outside her home, and another altercation took place.

Appellee was charged with aggravated assault, recklessly endangering another person, burglary, criminal trespass and conspiracy as a result of a private criminal complaint filed by Hirsch. Appellee was later acquitted of these charges in a criminal proceeding.

On February 4, 1982, Appellee was dismissed from her position as a school crossing guard on the basis of her participation in the December 6 altercation. The dismissal stated that "[t]he above course of conduct indicates that you have little or no regard for your responsibility as a member of the Philadelphia

Police Department." Appellee instituted an appeal with the Commission, and a hearing was held in which conflicting testimony concerning the incident was presented by Hirsch and by Appellee. The Commission resolved the factual questions against Appellee, and, finding that Appellee's conduct was not in keeping with her employment, concluded that there was just cause for the Department to dismiss her.

On appeal to the court of common pleas, that court found that, in permitting a dismissal on the basis of Appellee's off-duty conduct, the Commission had applied the standard for dismissal enunciated in *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959). The court reasoned that the strict standard in *Zeber Appeal* applied only to conduct of policemen and firemen, and resulted from the special need for public respect and confidence in these individuals. The court concluded that the Commission erred in applying the *Zeber Appeal* standard in the present case because, although Appellee was employed by the Police Department, she did not have the same functions as a police officer, and thus the rationale justifying the stricter standard of conduct was not present. Accordingly, the court of common pleas reversed the decision of the Commission, and ordered reinstatement of Appellee to her former position. The Commission has taken the present appeal to this Court.

In reviewing a decision of the Philadelphia Civil Service Commission we must affirm unless constitutional rights have been violated, the provisions of the Local Agency Law have not been complied with, an error of law has been committed, or the findings of the Commission are not supported by substantial evidence. *Strauss v. Civil Service Commission of Philadelphia*, 40 Pa. Commonwealth Ct. 560, 398 A.2d 1064 (1979); Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b).

Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, provides that a civil service employee of the City of Philadelphia shall be dismissed only for just cause. "Just cause" was defined in *O'Gorman Appeal,* 409 Pa. 571, 187 A.2d 581 (1963), wherein the Supreme Court stated:

All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position.

*Id.* at 576-77, 187 A.2d at 583-84 quoting *Gretton v. Pittsburgh,* 344 Pa. 219, 222, 25 A.2d 351, 352 (1942). *See Civil Service Commission of Philadelphia v. Banks,* 65 Pa. Commonwealth Ct. 271, 442 A.2d 41 (1982); *Strauss.*

Initially, we note that in applying the just cause standard in the present case the Commission did not specifically mention or rely upon the standard set forth in *Zeber Appeal.* Rather, it is apparent from the notes of testimony that the Commission relied upon the language of the Crossing Guards' Manual, which was admitted into evidence and stated in part:

Attention should be given to your personal appearance, attitude, conversation and conduct. These factors play in [sic] important part in the performance of your duties and the exercise of your responsibility. *You should maintain high standards in your demeanor and personal appearance, whether on or off duty.* This is important because your personal appearance influences the public's opinion of school crossing guards and the police department. (Emphasis added.)

The Manual clearly establishes high standards for the off-duty conduct of school crossing guards. It was on the basis of this established standard that the Police Department found that Appellee's off-duty conduct "indicated that [she] had little or no regard for her responsibility as a member of the Philadelphia Police Department."

Notwithstanding the high standard for off-duty conduct set forth in the Manual, it was apparently the trial court's belief that this high standard could not provide just cause for dismissal, since such a high standard has only been applied to cases involving police officers or firemen.

In *Zeber Appeal,* the Pennsylvania Supreme Court first acknowledged that a higher standard of conduct could be required of a policeman or fireman, when it held:

> Unbecoming conduct on the part of a municipal employee, especially a policeman or a fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensible to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services.

398 Pa. at 43, 156 A.2d at 825.

In addition, this Court has stated in *Cerceo v. Darby,* 3 Pa. Commonwealth Ct. 174, 183, 281 A.2d 251, 255 (1971):

> Twentieth Century America has the right to demand for itself, and the obligation to secure for its citizens, law enforcement personnel whose conduct is above and beyond reproach.

. . . We demand from our law enforcement officers, and properly so, adherence to demanding standards which are higher than those applied to many other professions.

It is true that both *Zeber* and *Cerceo,* as well as a line of cases which have followed, all involved dismissals of policemen or firemen for off-duty conduct which was held to be "conduct unbecoming an officer." *See Jones v. City of Pittsburgh,* 505 Pa. 25, 476 A.2d 895 (1984); *Corle v. City of Oil City,* 45 Pa. Commonwealth Ct. 559, 405 A.2d 1104 (1979); *Faust v. Police Civil Service Commission of State College,* 22 Pa. Commonwealth Ct. 123, 347 A.2d 765 (1975). Nothing contained in these cases, however, would prevent a municipality from requiring a similar high standard of its other municipal employees, should the circumstances so warrant. Indeed, the holding in *Zeber Appeal* is not limited to policemen or firemen, but specifies that the conduct of *any* municipal employee could warrant a dismissal if it "adversely affects the morale or efficiency of the bureau," or tends to "destroy public respect for municipal employees and confidence in the operation of municipal services." 398 Pa. at 43, 156 A.2d at 825.

It is quite obvious that policemen and firemen need to be held to a high standard of conduct, including restrictions on their off-duty conduct, because of their special powers and responsibilities. But it should also be obvious that there are other municipal employees, who, though their duties may differ from that of policemen or firemen, nonetheless need to be held to a similar high standard of conduct because of the nature of their responsibilities.

In this case, Appellee, although clearly without the duties or responsibilities of a police officer, was nonetheless a member of the Police Department who dealt

regularly with the public. It was reasonable to believe that her off-duty misconduct could reflect poorly on the Police Department, and tend to destroy public respect and confidence in its operations. Given the Department's need for public confidence in its operations, as well as its need for internal discipline, it was thus appropriate for the Police Department to establish a high standard of off-duty conduct in its Manual for school crossing guards.

Since Appellee's off-duty involvement in an altercation clearly violated this standard, such activity constituted just cause for dismissal, and the Commission did not err in affirming the Department's action in this regard.

Accordingly, we are constrained to reverse the trial court's decision and reinstate the Order of the Commission denying Appellee's appeal.

### ORDER

Now, December 9, 1985, the order of the Court of Common Pleas of Philadelphia County, No. 3764, March Term, 1983, dated November 30, 1983, is hereby reversed.