506 A.2d 527

Steven Mulholland, Appellant *v.* Civil Service Commission, Appellee.

Submitted on briefs December 12, 1985, to Judges MACPHAIL and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Richard G. Freeman, Bloom, Ocks and Fisher,* for appellant.

*Ralph J. Teti,* Divisional Deputy City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, March 21, 1986:

Steven Mulholland (Appellant) appeals here from an order of the Court of Common Pleas of Philadelphia

affirming the decision of the Civil Service Commission of Philadelphia (Commission) which dismissed Appellant from his position as a firefighter with the Philadelphia Fire Department (Department). We vacate and remand.

On June 16, 1982, Philadelphia Police Officers arrested Appellant and the female with whom he was living (cohabitant) on charges of knowingly and intentionally possessing a controlled substance, knowingly and intentionally possessing a controlled substance with intent to deliver and conspiracy. The arresting officers confiscated, *inter alia,* marijuana plants and plastic bags allegedly containing hashish and marijuana which they found in the residence jointly occupied by Appellant and his cohabitant.

On July 9, 1982, the Department notified Appellant of its intention to dismiss him from his position with the City of Philadelphia. Appellant filed an appeal with the Commission. At the hearing, Appellant stipulated that he was arrested while off-duty; that the house belonged to his cohabitant's parents; and that the search warrant named only his cohabitant. Appellant testified that he did not know that his cohabitant had controlled substances in the home or that she used controlled substances in the home. Although Appellant testified that no controlled substances were found in his possession, he also admitted that he had previously been arrested for possession of drugs and that he had unlimited use of the house in which he lived with his cohabitant.

On October 14, 1982, Appellant was found not guilty on criminal charges brought by the Commonwealth in Philadelphia Municipal Court; nevertheless, the Commission denied Appellant's appeal from his dismissal, holding that he had engaged in conduct unbe-

coming an officer.[1] As we have noted, that adjudication was upheld by the trial court and the instant appeal followed.

Essentially, Appellant argues here that the Department had no "just cause" to dismiss him from his position, not merely because he was acquitted of the criminal charges, but more specifically because the underlying circumstances asserted by the Department to support its decision to dismiss, simply did not constitute just cause. "Just cause" has been defined to be:

> personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service [quoting *Thomas v. Connell,* 264 Pa. 242, 246, 107 A. 691, 692 (1919)].
>
> . . . .
>
> All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employee [quoting *Gretton v. Pittsburgh,* 344 Pa. 219, 222, 25 A.2d 351, 352, (1942)].

*O'Gorman Appeal,* 409 Pa. 571, 576, 187 A.2d 581, 583-584 (1963). Conduct unbecoming an officer constitutes "just cause", and has been defined as follows:

> Unbecoming conduct on the part of a municipal employee, especially a policeman or fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. . . . Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services.

---

[1] The trial court's order finding Appellant not guilty of the criminal charges did not require the Department to drop its administrative charges. *Rucker v. Civil Service Commission, City of Pittsburgh,* 88 Pa. Commonwealth Ct. 646, 491 A.2d 933 (1985).

*Zeber's Appeal,* 398 Pa. 35, 43, 156 A.2d 821, 825 (1959).

The trial court held that "[o]nce the Commission resolved the credibility issue against Appellant, it was not unreasonable for them to have found the Appellant engaged in conduct unbecoming an officer." *Mulholland v. Civil Service Commission* (No. 793 March Term, Court of Common Pleas of Philadelphia County, filed October 18, 1983), slip op. at 4. It is true that issues of credibility are solely for the Commission to resolve, *Leroi v. Philadelphia Civil Service Commission,* 34 Pa. Commonwealth Ct. 190, 382 A.2d 1260 (1978), but we have scrutinized the Commission's opinion and can find no explicit statement that credibility was resolved against Appellant. Although the party who prevails below is entitled to the benefit of the most favorable inferences drawn from the evidence, *SEPTA v. Workmen's Compensation Appeal Board (Saxon),* 82 Pa. Commonwealth Ct. 590, 477 A.2d 9 (1984), we believe that neither this Court nor the trial court, pursuant to our limited scope of review,[2] has the authority to infer a credibility determination.

The Commission's adjudication relates that drugs were found in a residence owned by the parents of Appellant's cohabitant, that he was living with his cohabitant and that the Department charged Appellant with conduct unbecoming a firefighter when drugs were found in that residence. Aside from stating that firefighters must at all times conduct themselves in an exemplary manner, the Commission nowhere finds any facts which would indicate wherein the Appellant's conduct fell short of that standard. The trial court deferred to the Commission's prerogative in determining credibility and the weight to be attached to the evi-

---

[2] *See* Section 754(b) of the Judicial Code, 2 Pa. C. S. §754(b).

dence, but, as we have observed, the Commission failed to perform its duties in that respect and also failed to set forth facts it found supported by the evidence which justified it in reaching the conclusion that Appellant was guilty of conduct unbecoming an officer. Under such circumstances, neither we nor the trial court acting as a reviewing authority can perform our proper appellate review.

Accordingly, we will remand this matter to enable the Commission to set forth specific findings of fact in accordance with this opinion.

#### ORDER

The order of the Court of Common Pleas of Philadelphia, at No. 793 March Term 1984, dated October 18, 1983 is vacated and the case remanded to that court for further remand to the Civil Service Commission of the City of Philadelphia for specific findings of fact in accordance with the foregoing opinion.

Jurisdiction relinquished.