525 A.2d 460

City of Philadelphia, Appellant v. Fraternal Order of Police and Albert Mazzo, Appellees.

Argued February 26, 1987, before Judges MACPHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Ralph J. Teti*, Divisional Deputy City Solicitor, for appellant.

*Anthony J. Molloy, Jr., Mozenter, Molloy & Durst,* for appellees.

OPINION BY JUDGE MACPHAIL, May 6, 1987:

The City of Philadelphia (City) has appealed from an order of the Court of Common Pleas of Philadelphia County which vacated an arbitrator's award and directed the reinstatement of Albert Mazzo (Appellee) to his position as a Philadelphia Police Lieutenant. We reverse.

On March 9, 1984, Appellee was indicted[1] by a federal investigating grand jury on charges involving his alleged acceptance of monthly payments from certain individuals in return for protection against police seizure of video poker machines which were being used for illegal gambling purposes. Appellee was suspended immediately following his indictment and was subsequently dismissed on or about March 26, 1984. The Fraternal Order of Police (FOP) thereafter filed a timely grievance on behalf of Appellee, the resolution of which was delayed pending trial on the criminal charges. On November 27, 1984, Appellee was acquitted by a federal

---

[1] Fourteen other members of the Philadelphia Police Department were also indicted at the same time.

jury of all charges against him.[2] Thereafter, Appellee's grievance was reviewed and denied by the City. The FOP subsequently filed a demand for arbitration.

An arbitration hearing was held on June 13, 1985, at which time the arbitrator heard testimony regarding the alleged conduct which had provided the basis for Appellee's federal indictment and admitted excerpts from the testimony of pertinent witnesses at the federal trial. Based on the live testimony presented at the hearing, the arbitrator concluded that the City had established just cause for its dismissal of Appellee and, accordingly, denied the grievance. The arbitrator also concluded that although Appellee was dismissed solely on the basis of the charges listed in the federal indictment, the arbitrator was not bound to follow the jury's acquittal judgment in considering the grievance before him.

On appeal to the court of common pleas, the sole issue raised by Appellee and the FOP was whether or not the arbitrator erred in failing to accept the federal jury's acquittal of Appellee as dispositive of the issue of just cause.[3] The common pleas court agreed that the arbitrator had erred as a matter of law and concluded that the jury's verdict was binding in the arbitration proceeding. In issuing its ruling, the common pleas court concluded that:

---

[2] Two other police force members were also acquitted. One of the two was subsequently reinstated while the other did not file a grievance following his dismissal.

[3] We note at this juncture that the original record of the arbitration proceeding was apparently never certified to the common pleas court and, therefore, is also not a part of the record certified in the instant appeal. The common pleas court, nevertheless, was able to resolve the purely legal issue presented to it.

In the instant appeal, the *reproduced* record filed by the City includes what would appear to be the entire record developed before the arbitrator. Of course, we may only consider material duly

> [W]hen an employee is dismissed solely on the basis of conduct set forth in a criminal indictment, with no independent investigation conducted by the City at any time to support the employee's dismissal, and the employee is subsequently acquitted of all wrong doing, the Arbitrator may not substitute his judgment for that of the jury's and find the employee guilty and justly dismissed.

Slip op. at 4-5. The court, accordingly, vacated the arbitrator's decision and ordered Appellee reinstated with full back pay.

On appeal, the City argues that the common pleas court erred when it concluded that Appellee's acquittal was binding in the arbitration proceeding.[4] We agree.

The common pleas court cited this Court's decision in *City of Lebanon v. AFL-CIO*, 36 Pa. Commonwealth Ct. 442, 388 A.2d 1116 (1978), in support of its ruling. In *City of Lebanon,* three City employees were discharged following convictions on charges of criminal

certified in the record transmitted on appeal by the common pleas court. Since the two volume reproduced record consists almost entirely of materials not included in the certified record, we must conclude that it should not have been filed with this Court. *See* Pa. R.A.P. 1921; *General Accident Fire* & *Life Assurance Corp. v. Flamini,* 299 Pa. Superior Ct. 312, 445 A.2d 770 (1982).

[4] Since the only issue preserved for appeal is one of law, we conclude that our disposition of the instant appeal will not be adversely affected by the limited scope of the record which has been certified to us. *See supra* note 3.

The question presented in this appeal, being limited to an issue of law, is properly reviewable by this Court under Section 7302(d) of the Uniform Arbitration Act, 42 Pa. C. S. §7302(d). We observe that our Supreme Court has recognized that grievance, as opposed to interest, arbitration under the Act of June 24, 1968 (Act 111), P.L. 237, *as amended,* 43 P.S. §§217.1—217.10 may properly be governed by the Uniform Arbitration Act. *Township of Moon v. Police Officers of the Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985).

mischief. In subsequent grievance arbitration proceedings it was agreed that the arbitrator would hear no testimony but would base his decision on the criminal trial transcript. The arbitrator determined that he was not bound by the jury's guilty verdict and ruled, based on his own review of the evidence, that the employees should be reinstated. On appeal, this Court held that the criminal convictions of the grievants resulted in conclusive evidence of the facts established by the guilty verdicts. Thus, the arbitrator was bound to accept those facts as true in the subsequent grievance proceedings.

As *City of Lebanon* demonstrates, Pennsylvania courts have tended in recent years to permit a guilty verdict to be introduced in a collateral civil proceeding as proof of the facts underlying the criminal conviction. *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, *cert. denied,* 381 U.S. 925 (1965); *Pennsylvania Turnpike Commission v. U.S. Fidelity & Guaranty Co.,* 412 Pa. 222, 194 A.2d 423 (1963). The same is *not* true, however, when, as in the matter *sub judice,* an acquittal is involved. As our Supreme Court stated in *Pennsylvania Turnpike Commission,* 412 Pa. at 227-28, 194 A.2d at 426:

> In the case of a judgment of acquittal or nolle prosequi, Pennsylvania has consistently followed the rule that the criminal judgment is not admissible as evidence to prove that the defendant did not do the act complained of. . . .

> In view of the substantial difference in the quantum of proof required in civil and criminal cases, the rule of exclusion in cases wherein a judgment of acquittal is entered is rational and well grounded. (Citations omitted.)

*See also Greenberg v. Aetna Insurance Co.,* 427 Pa. 511, 235 A.2d 576 (1967), *cert. denied,* 392 U.S. 907 (1968). We further note that a not guilty verdict would be of little evidentiary value in an administrative pro-

ceeding since although "a judgment of conviction is a positive finding, indicating that the state has successfully borne the extraordinary burden of proving the relevant facts beyond a reasonable doubt, . . . the acquittal does not purport to be a judgment of innocence, but is merely a negative statement that the proof necessary for a conviction was not forthcoming." Annotation, *Conviction or Acquittal as Evidence*, 18 A.L.R. 2d 1287, 1315 (1951). Thus, we must conclude that the common pleas court erred in ruling that the judgment of acquittal was binding on the issue of just cause before the arbitrator.

We observe as a final note that much emphasis has been placed by the common pleas court, the FOP and the Appellee on the fact that Appellee was dismissed on the basis of the criminal indictment rather than an independent investigation by the Police Department of the charges against Appellee. The FOP and Appellee argue that it was the Department's normal practice to conduct independent investigations prior to taking disciplinary action and infer that the dismissal in this case was somehow tainted by the Department's reliance on a federal indictment. As noted by the arbitrator, however, there was no allegation of disparate treatment presented by the grievance and no allegations of due process or specific procedural violations have been made. The FOP and Appellee nevertheless suggest that since the dismissal was grounded on the indictment, the City's case was dependent on the outcome of the criminal proceedings. We disagree.

The arbitrator concluded that, despite the federal government's failure to prove its case against Appellee beyond a reasonable doubt, the City had met its lesser burden of proving just cause for the dismissal of Appellee. Although Appellee's dismissal was originally based on the federal indictment, his dismissal gave rise to an independent and collateral administrative proceeding, the resolution of which did not necessarily depend on

the outcome of the criminal trial. *See Mulholland v. Civil Service Commission,* 96 Pa. Commonwealth Ct. 124, 506 A.2d 527 (1986); *Rucker v. Civil Service Commission, City of Pittsburgh,* 88 Pa. Commonwealth Ct. 646, 491 A.2d 933 (1985).

Since we conclude that the court of common pleas erred in its resolution of the legal issue presented to it, we will reverse that court's order and reinstate the arbitrator's award.

ORDER

The order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed and the award of Arbitrator Gershenfeld is hereby reinstated.