525 A.2d 1255

Civil Service Commission of the City of Philadelphia, Appellant v. Theodore F. Wojtusik, Appellee.

Argued February 27, 1987, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ralph J. Teti,* Divisional Deputy City Solicitor, with him, *Handsel H. Minyard,* City Solicitor, for appellant.

*John Rogers Carroll,* with him, *Peter W. Cooley,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 19, 1987:

The Philadelphia Civil Service Commission (Commission) appeals an Order of the Court of Common Pleas of Philadelphia County which reversed the Com-

mission's determination denying Theodore F. Wojtusik's appeal of his dismissal from the Philadelphia Police Department.

Wojtusik was dismissed from his position as a police officer with the Philadelphia Police Department for conduct unbecoming an officer. On September 29, 1982, while off duty, Wojtusik confronted two on-duty police officers, Van Note and McKeon, and demanded to know if they were looking for him and if they had been working the night before. Apparently one of the police officers had arrested a friend of Wojtusik's the previous night. Officer Van Note told Wojtusik he did not want to talk to him and to leave the area. Wojtusik became embroiled in an argument with Officer McKeon and was subsequently placed under arrest for drunken driving and disorderly conduct.[1] Although the record is characterized by conflicting testimony, the Commission found that after he had been arrested and handcuffed, Wojtusik kicked Officer McKeon.[2] McKeon then punched Wojtusik.

As a result of the altercation with Officers Van Note and McKeon on September 29, 1982, Wojtusik was charged with driving under the influence of alcohol, assault on police, resisting arrest, and disorderly conduct.[3] He was subsequently dismissed from the Philadelphia Police Department for conduct unbecoming an officer.

On appeal, the Philadelphia County Court of Common Pleas reversed and remanded to the Commission

---

[1] Notes of Testimony from May 4, 1983, hearing before the Philadelphia Civil Service Commission (N.T.) at 128.

[2] Officer McKeon testified that Wojtusik kicked him twice and that he suffered a contusion and an abrasion as a result. N.T. at 139, 141.

[3] Wojtusik was ultimately acquitted of all criminal charges arising from this incident.

for reconsideration.[4] The Commission issued a supplemental opinion specifically stating that it found Wojtusik primarily responsible for the altercation with Officer McKeon and again denying Wojtusik's appeal of his dismissal. Wojtusik appealed a second time to the lower court, which found no substantial evidence to support the Commission's determination. The Commission has taken the present appeal to this Court.

Pursuant to Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), the common pleas court is required to affirm the Commission's adjudication unless it is in violation of appellant's constitutional rights, it is not in accordance with law, the provisions of the Local Agency Law have not been complied with, or a necessary finding of fact is unsupported by substantial evidence. *Civil Service Commission of the City of Philadelphia v. Wenitsky*, 104 Pa. Commonwealth Ct. 47, 521 A.2d 80 (1987).

The Commission's Findings of Fact Nos. 4 and 5 read as follows:

4. The testimony as to who struck whom first, after [Wojtusik] was handcuffed, is conflicting; with [Wojtusik] stating he kicked only after he was hit and McKeon stating he hit [Wojtusik] only after being kicked. On this narrow question of credibility, the Commissioners hold in favor of the Department's witnesses although we cannot condone the striking of a suspect who is handcuffed.

---

[4] The record reflects that the remand was uncontested. Apparently, a stipulation between the parties granting the Commission an extension in which to file its brief in opposition to Wojtusik's appeal was misfiled. The lower court judge, unaware of the stipulated extension, determined the appeal to be uncontested and signed Wojtusik's proposed order requesting a remand to the Commission for reconsideration.

5. From a review of all the testimony and evidence, it appears that there was first an arrest, then a handcuffing of the suspect, followed by a scuffle, the kicking and then the punching, all of which leads us to conclude the Department's witnesses were more credible than [Wojtusik].

A careful review of the record reveals substantial evidence to support these findings, as well as the Commission's finding in its supplemental opinion that Wojtusik was primarily responsible for initiating the altercation with McKeon.

The Philadelphia Home Rule Charter provides that a civil service employee shall be dismissed only for just cause.[5] In *O'Gorman Appeal*, 409 Pa. 571, 576-77, 187 A.2d 581, 583-84 (1963), our Supreme Court defined "just cause" as follows:

All that the law requires is that the cause be not religious or political, but concerned solely with the inefficiency, delinquency or misconduct of the employe. A wide latitude must be left to the superior officer—in fact a discretion conditioned only on its exercise in good faith and not as a screen for some reason not based upon the fitness of the employe to fill the position.

Whether Wojtusik was dismissed for just cause is a legal conclusion that must be supported by the facts. *Foley v. Civil Service Commission of the City of Philadelphia*, 55 Pa. Commonwealth Ct. 594, 423 A.2d 1351 (1980). Conduct unbecoming an officer constitutes just cause for dismissal, *Mulholland v. Civil Service Commission*, 96 Pa. Commonwealth Ct. 124, 506 A.2d 527 (1986), and off-duty conduct by policemen and firemen

---

[5] Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303.

may be used as a basis for such a charge. *Fabio v. Civil Service Commission of the City of Philadelphia*, 30 Pa. Commonwealth Ct. 203, 373 A.2d 751 (1977).

Because of their special powers and responsibilities, police officers are held to a higher standard of conduct that other citizens. *Civil Service Commission of the City of Philadelphia v. Wiseman*, 93 Pa. Commonwealth Ct. 358, 501 A.2d 350 (1985); *Richter v. Civil Service Commission of the City of Philadelphia*, 35 Pa. Commonwealth Ct. 310, 387 A.2d 131 (1978). This strict standard of conduct was first set forth in *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959), where our Supreme Court held:

> Unbecoming conduct on the part of an employee, especially a policeman or a fireman, is any conduct which adversely affects the morale or efficiency of the bureau to which he is assigned. It is indispensable to good government that a certain amount of discipline be maintained in the public service. Unbecoming conduct is also any conduct which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services. 398 Pa. at 43, 156 A.2d at 825.

In *Wiseman,* we held that there was just cause for dismissal under the *Zeber Appeal* standard where an off-duty municipal employee assaulted her daughter's neighbor.[6]

Although we agree with the trial court that some of the Commission's findings are not supported by sub-

---

[6] The employee in *Wiseman* was a school crossing guard employed by the Philadelphia Police Department. As in the case at hand, in *Wiseman* the crossing guard was acquitted of all criminal charges which resulted from the incident which led to her dismissal.

stantial evidence,[7] the finding that Wojtusik kicked Officer McKeon after he was placed under arrest is supported by the evidence. Society does not countenance assaults on police officers by any of its citizens. Certainly, we can say that as a matter of law, a policeman's act of assaulting another officer who has placed him under arrest constitutes conduct unbecoming an officer and thus just cause for his dismissal. Such conduct could reflect poorly on the police department, affecting its morale and tend to destroy public respect and confidence in its operations.

The lower court's decision appears to have been based in part on the fact that Wojtusik was acquitted of all criminal charges against him as a result of the altercation with Officers Van Note and McKeon and the fact that the Unemployment Compensation Board of Review granted Wojtusik benefits after his discharge. Conduct unbecoming an officer need not be criminal in nature or proven beyond a reasonable doubt. *Zeber Appeal.* The criminal trial and the unemployment compensation proceedings are separate and distinct from the proceedings before the Commission and entirely irrelevant to its determination.[8]

The conduct of law enforcement officers must be "above and beyond reproach." *Cerceo v. Darby,* 3 Pa. Commonwealth Ct. 174, 183, 281 A.2d 251, 255 (1971). We hold that an assault by an off-duty police officer on an on-duty police officer who has placed him under arrest, amounts to just cause for dismissal. Accordingly,

---

[7] We specifically note that in its Finding of Fact No. 1, the Commission improperly found that Wojtusik had been driving under the influence of alcohol because he had registered a .08 on a breathalyzer test approximately four hours after his arrest.

[8] The record reflects that there were several different witnesses before the Commission and the municipal court which heard the criminal trial.

we will reverse the trial court's decision and reinstate the Commission's order denying Wojtusik's appeal of his dismissal.

ORDER

AND NOW, this 19th day of May, 1987, the order of the Court of Common Pleas of Philadelphia County, No. 2482 April Term, 1985, dated December 11, 1985, is hereby reversed and the decision of the Civil Service Commission of the City of Philadelphia denying Appellee's appeal is reinstated.