556 A.2d 967

Philadelphia Civil Service Commission, Appellant
*v.* William Owens, Appellee.

Argued March 6, 1989, before Judges CRAIG and COLINS (P.), and Senior Judge BARBIERI sitting as a panel of three.

*Betsy F. Skrnthal,* Counsel, with her, *Ralph J. Teti,* Chief Deputy City Solicitor, for appellant.

*Nancy B.G. Lassen,* with her, *Wayne Wynn, Kirschner, Walters & Willig,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, April 6, 1989:

The Philadelphia Civil Service Commission (Commission) appeals the order of the Court of Common Pleas of Philadelphia County which reversed the order of the Commission dismissing William Owens (Owens) from his position as a civilian tow truck operator with the Philadelphia Police Department. We affirm the trial court.

Owens had been employed by the Philadelphia Police Department as a civilian tow truck operator since November of 1959. On the night of March 31, 1984, Owens was off-duty and at his home. At 2:30 a.m. he saw a man going down his street trying the door handles of cars. Owens thought the man was attempting to break into his car and attacked him with a baseball bat fracturing both the man's forearms, his lower left leg and inflicting multiple contusions to the head and face. Owens was subsequently convicted in a non-jury trial of aggravated and simple assault and recklessly endangering another person. On December 29, 1984, Owens was dismissed from his position pursuant to a notice of intent to dismiss which stated that this course of conduct "indicates you have little or no regard for your responsibilities as a member of the Philadelphia Police Department."

Owens appealed his dismissal to the Commission which held a hearing on June 17, 1986. The only evidence

introduced before the Commission was the notes of testimony in the criminal proceeding which stemmed from this incident. The criminal convictions were stipulated to. The Commission found that the City of Philadelphia could not continue on duty employees who cause serious bodily injury to other persons albeit mistakenly and off-duty. Just cause was demonstrated by the evidence of wrongdoing admitted.

The trial court reversed the Commission's order and reinstated Owens finding that no evidence had been proffered to show that this single off-duty incident would affect the efficiency or the morale of the department which employed Owens or that public confidence in the operation of municipal services would be impaired. The trial court concluded that Owens was not a police officer and did not have the extensive training and discipline afforded to and expected of police officers.

The issue in this case is whether the strict standard of conduct applied to the off-duty behavior of policemen and firemen in *Zeber Appeal*, 398 Pa. 35, 156 A.2d 821 (1959), may also be extended to civilian support personnel. The Commission contends this case is controlled by *Civil Service Commission of Philadelphia v. Wiseman*, 93 Pa. Commonwealth Ct. 358, 501 A.2d 350 (1985). In *Wiseman* the municipal employee worked as a civilian crossing guard for the Philadelphia Police Department. While off-duty, she entered the home of her daughter's neighbor and assaulted her. The employee was subsequently charged with aggravated assault and other criminal offenses and served with a notice of intent to dismiss stating that this conduct "indicates little or no regard for your responsibility as a member of the Philadelphia Police Department." Despite the fact that the employee was subsequently acquitted of all criminal charges, she was dismissed and this Court reversed the trial court and affirmed the dismissal.

4

We believe there is a crucial distinction between the instant case and *Wiseman*. In *Wiseman* we held that it was reasonable for the City of Philadelphia to extend the *Zeber* standard to civilian support personnel provided it was done by written employee work rule. Dismissal in *Wiseman* was based on the language in the Crossing Guards' Manual which was admitted into evidence and stated in part:

> Attention should be given to your personal appearance, attitude, conversation and conduct. These factors play in [sic] important part in the performance of your duties and the exercise of your responsibility. *You should maintain high standards in your demeanor and personal appearance, whether on or off duty*. This is important because your personal appearance influences the public's opinion of school crossing guards and the police department. (Emphasis added.)

*Wiseman,* 93 Pa. Commonwealth Ct. at 361, 501 A.2d at 352.

Dismissal under this standard was warranted because:

> . . . [g]iven the Department's need for public confidence in its operations, as well as its need for internal discipline, it was thus appropriate for the Police Department to establish a high standard of off-duty conduct in its Manual for school crossing guards.
>
> Since Appellee's off-duty involvement in an altercation clearly violated this standard, such activity constituted just cause for dismissal, and the Commission did not err in affirming the Department's action in this regard.

*Wiseman,* 93 Pa. Commonwealth Ct. at 364, 501 A.2d at 353.

What is the off-duty standard of conduct for tow truck operators in the instant case? The Commission does not inform us. The City of Philadelphia and Police Department supplied no evidence of it. The only evidence admitted was the notes of testimony in a separate criminal proceeding.

It is incumbent upon the Police Department to prove its case. An essential element of the case is the standard of conduct to be applied. In the case of policemen and firemen the standard has been judicially defined as "conduct unbecoming an officer." *Jones v. City of Pittsburgh*, 505 Pa. 25, 476 A.2d 895 (1984); *Corle v. City of Oil City*, 45 Pa. Commonwealth Ct. 559, 405 A.2d 1104 (1979). We reaffirm our holding in *Wiseman* that a municipality may extend this standard to civilian support personnel if it so chooses. But we will not infer such a standard where no evidence of it is presented.

The Commission's decision is not supported by substantial evidence because no evidence of the standard of conduct to be applied has been presented. *Strauss v. Civil Service Commission of Philadelphia*, 40 Pa. Commonwealth Ct. 560, 398 A.2d 1064 (1979). The Police Department asserts that dismissal is warranted because Owens as a tow truck driver comes into contact with irate citizens whose cars he tows and Owens may violently react against these citizens. We are at a loss to find where this evidence comes from because the Department did not present a single live witness. The Department also asserts that public respect for municipal employees will be lessened if Owens is not dismissed. The Department presented no testimony as to this or any other rationale for dismissal. It is not this Court's function to fill in the gaps in the Department's case by inference. The order of the trial court is affirmed.

ORDER

Now, April 6, 1989, the order of the Philadelphia Court of Common Pleas at No. 5112, October Term 1986, dated November 18, 1987, is hereby affirmed.