PENNSYLVANIA STATE TROOPERS'
ASSOCIATION and Joshua
Swancer, Petitioners,

v.

PENNSYLVANIA STATE POLICE,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1998.
Decided Sept. 4, 1998.

Matthew E. Forbes, Harrisburg, for petitioners.

Joanna N. Reynolds, Harrisburg, for respondent.

Before COLINS, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

The Pennsylvania State Troopers Association and Trooper Joshua Swancer (collectively PSTA) appeal from an arbitrator's decision affirming the dismissal of Trooper Swancer by the Pennsylvania State Police (PSP).

By Memorandum dated June 12, 1997, the PSP Disciplinary Officer, Captain Larry Williams recommended that Trooper Swancer be dismissed for violations of PSP Field Regulations 1–1.03 (Conformance to Laws), 1–102 (Unbecoming Conduct), 1–1.28 (Internal Investigations), and 1–1.22 (Use of Alcohol—Off Duty). The charges arose from an incident in which it was alleged that Trooper Swancer, after leaving a local tavern, drove his car while intoxicated into the concrete base of a light standard, and then stole a car to facilitate his subsequent flight from the accident scene.

On June 19, 1997, a grievance was filed by the PSTA. Subsequently, a hearing was held in which an arbitrator issued an award affirming the trooper's dismissal. The instant appeal by the PSTA followed.

In *Pennsylvania State Police v. Pennsylvania State Troopers' Association (Betancourt)*, 540 Pa. 66, 656 A.2d 83 (1995), the Supreme Court held that our scope of review from an Act 111 [1] grievance arbitrators' decision is in the nature of the narrow scope of certiorari. In general terms, that

1. Act of June 24, 1968, P.L. 237, *as amended*, 43 P.S. §§ 217.1—217.10.

statement of our scope means that this Court may only concern itself with questions concerning (1) the jurisdiction of the arbitrator (2) the regularity of the proceedings (3) an excess of the arbitrator's powers or (4) deprivation of constitutional rights. *Id.* at 69–71, 656 A.2d at 85. Specifically, an arbitrator may not order the employer to perform an illegal act and the award must only encompass the terms and conditions of employment. An error of law will not be sufficient to reverse under this narrow scope of review.

The PSTA raises two arguments before us. First, it contends that the arbitrator exceeded his authority and violated Trooper Swancer's constitutional rights by using the incorrect standard of proof. Specifically, the PSTA argues that the arbitrator erred when he applied a preponderance of evidence standard instead of requiring proof of Trooper Swancer's misconduct by clear and convincing evidence.

However, no matter what quantum of proof is required, the PSP had to meet its burden in proving four distinct charges: unbecoming conduct, conformance to laws, use of alcohol off-duty, and not truthfully answering questions during internal investigations. As the arbitrator's opinion correctly states, Trooper Swancer's own admissions clearly and convincingly establish his guilt of each of the above-mentioned charges. Indeed, "the grievant admitted to the [Mount Holly Springs] Police Chief, the Criminal Investigations Commander, and at arbitration that he had driven his vehicle while intoxicated, that his vehicle collided with a concrete pillar, that he fled the scene, and that he initially gave false answers to the [Mount Holly Springs] Police Chief." (Arbitrator's Decision, p. 8). Swancer's admissions conclusively establish the commission of these acts, any one of which is sufficient to support the arbitrator's decision. The fact that Trooper Swancer was not convicted of any criminal charges is irrelevant. *Civil Service Commission of the City of Philadelphia v. Theodore F. Wojtusik,* 106 Pa.Cmwlth. 214, 525 A.2d 1255 (Pa.Cmwlth.1987).

The PSTA's remaining argument is that the arbitrator exceeded his authority and deprived Trooper Swancer of his right to equal protection under the laws by refusing to consider prior disciplinary cases in determining the severity of the penalty of discharge in the instant case. PSTA offers three other arbitration cases which allegedly demonstrate disparate treatment of Trooper Swancer by the PSP. Each of these cases can be distinguished from the instant one.

The PSTA first offers the *Trooper Nazaruk Grievance,* No. 96–DD–114. In the Nazaruk arbitration, the arbitrator modified the Trooper's dismissal to a 20–day suspension and found only that Trooper Nazaruk had driven while intoxicated. He did not find that Nazaruk lied to investigators, as Trooper Swancer admitted to doing. Next, the PSTA offers the *Trooper Robert Johnson Grievance,* No. 97–DD–001–K–169, *aff'd, Pennsylvania State Police v. Pennsylvania State Troopers Association (Johnson),* 698 A.2d 686 (Pa.Cmwlth.1997), *allocatur granted,* 550 Pa. 667, 708 A.2d 805 (1998). This case can be easily distinguished from the instant one since it involves a dismissal for the commission of a retail theft. Finally, the PSTA offers the *Trooper Rodney Smith Grievance, No. 96–DD–305, aff'd, Pennsylvania State Police v. Pennsylvania State Troopers Association (Smith),* 698 A.2d 688 (Pa.Cmwlth.1997), *allocatur granted,* 550 Pa. 667, 708 A.2d 805 (1998), in which a Trooper was dismissed for driving while intoxicated, terroristic threats, and simple assault. The PSP decided to dismiss the grievants in all three cases. The arbitrator reinstated the grievants to their positions.

In none of these cases did the arbitrator find that the grievant hindered official investigations of his criminal conduct by lying to investigating authorities. Even if Trooper Swancer had received disparate treatment by the PSP, the PSP need only offer a rational basis for its doing so.[2] Considering the nature of Trooper Swancer's misconduct, this Court, without difficulty, finds that the PSP had a rational basis for his dismissal, and that the arbitrator's deci-

2. If a classification does not involve suspect classes or fundamental rights, as in the instant case, judicial scrutiny under the Equal Protection Clause demands only that the state articulate a rational basis for the challenged distinction. *See Nordlinger v. Hahn,* 505 U.S. 1 at 26, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992).

sion was well within his authority and not a violation of Swancer's constitutional rights.

Accordingly, the order of the arbitrator is affirmed.

### ORDER

AND NOW, this 4th day of September, 1998, the arbitrator's decision of February 17, 1998, in the above captioned matter, is hereby affirmed.