Civil Service Commission of Philadelphia, Appellant *v.* Melvin Banks, Appellee.

272

Argued November 16, 1981, before Judges MEN-CER, ROGERS and BLATT, sitting as a panel of three.

*Jonathan K. Walter,* with him *Margaret A. Browning,* and *Louis Wilderman, Meranze, Katz, Spear & Wilderman,* for appellee.

*Mark Aronchick,* Assistant City Solicitor, with him *Richard S. Kohn,* Assistant City Solicitor, *Judith N. Dean,* Deputy City Solicitor, and *Alan J. Davis,* City Solicitor, for appellant.

OPINION BY JUDGE MENCER, March 11, 1982:

Melvin Banks was employed as an Equipment Operator I for the City of Philadelphia Water Department on February 14, 1974, when a motor vehicle struck the barricade on which he was leaning. Since that time, Banks has regularly complained of back pain, although the many objective tests given Banks have proved negative. Banks spent much of 1974 and

nearly the entire years 1975, 1976, and 1977 on injured-on-duty status (IOD). During a portion of this time period, he was employed as a janitor for Temple University, and his janitorial duties included mopping, sweeping, and emptying trash containers.

In March of 1976, while working at Temple University, Banks injured his wrist. This injury was not reported to the City of Philadelphia. However, Banks filed a workmen's compensation claim against Temple University and, during the investigation of this claim, it was discovered that Banks was working for the City. Temple then notified the City of Banks' employment at Temple.

Upon receipt of this information, the City of Philadelphia dismissed Banks, alleging violation of Civil Service Commission Regulation 33.028,[1] which prohibits outside employment while receiving disability benefits from the City of Philadelphia.

Banks appealed the dismissal to the Civil Service Commission of the City of Philadelphia (Commission) which denied his appeal and affirmed his dismissal. He appealed from the Commission's order to the Court of Common Pleas of Philadelphia County which sustained his appeal and reversed the Commission. This appeal followed.

Our scope of review here is limited by Section 8(b) of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11308(b).[2] We must

---

[1] Civil Service Commission Regulation 33.028 reads:
33.028 SICK LEAVE OR INJURY BENEFITS PROHIBITED WHILE WORKING IN OUTSIDE EMPLOYMENT. An employee shall not perform outside work while receiving sick leave or injury benefits from the City.

[2] Repealed by Section 2(a) of the Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar provision is now found in Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b).

affirm the adjudication below unless constitutional rights have been violated, the provisions of the Local Agency Law have not been complied with in the proceeding before the Commission, an error of law has been committed, or the findings of the Commission are not supported by substantial evidence. *DiCiacco v. Civil Service Commission of City of Philadelphia,* 37 Pa. Commonwealth Ct. 77, 389 A.2d 703 (1978).

Section 7.7-303 of the Philadelphia Home Rule Charter, 351 Pa. Code §7.7-303, and Civil Service Commission Regulation 17.02 provide that a civil service employee of the City of Philadelphia shall be dismissed only for just cause. "Just cause" was thoroughly discussed and defined in *O'Gorman Appeal,* 409 Pa. 571, 187 A.2d 581 (1963). Quoting from that opinion, this Court held in *Staton v. Civil Service Commission of Philadelphia,* 1 Pa. Commonwealth Ct. 543, 547, 275 A.2d 716, 717-18 (1971):

> All that the law requires is that the cause be concerned solely with the inefficiency, adequacy or misconduct of the employe. A wide latitude must be left to the superior officer— in fact a discretion conditioned only on its exercise in good faith and not a screen for some reason not based upon the fitness of the employe to fill the position.

[409 Pa. at 576, 187 A.2d at 583.]

Applying this criterion to the circumstances of the instant case, we must conclude that the City of Philadelphia Water Department and the Commission could have properly found that just cause existed for Banks' dismissal. Banks acknowledges that he worked for Temple University while he was on IOD and that this was improper and in violation of the provisions of Regulation 33.028. However, it is his contention, accepted by the lower court, that he cannot be dismissed

for violating Regulation 33.028 because the wording of that regulation makes no reference to the consequence of a violation of its prohibition. To state Banks' contention another way, he cannot be dismissed for violating a Civil Service Commission regulation unless the regulation violated provides by its terms for dismissal. We think this is a contention without merit and reject it as being controlling here.

In *O'Gorman Appeal*, our Supreme Court held that the lack of a specific prohibited-conduct section did not invalidate a dismissal. We conclude the lack of a specific penalty section, likewise, does not invalidate a dismissal.

As has been stated, all that the law requires is that the employee be dismissed for just cause and that the cause be concerned solely with the inefficiency, adequacy, or misconduct of the employee. In the instant case, Banks concedes that, by working at Temple University while on IOD status with the City, he violated Regulation 33.028. This admitted violation is misconduct by Banks which provides the just cause to support his dismissal by the City's Water Department and the affirmance of that dismissal by the Commission.

Order reversed and case remanded.[3]

---

[3] The lower court, being of the view that the Commission committed an error of law by affirming Banks' dismissal for violation of Regulation 33.028, since that regulation did not provide by its terms for dismissal, did not consider the other issues raised by Banks. Those issues pertain to the constitutional sufficiency of the notice of suspension served on Banks and the Commission's alleged failure to find that just cause existed for the dismissal of Banks. Therefore, we must remand this case to the Court of Common Pleas of Philadelphia County for its resolution of these undisposed issues raised by Banks in his appeal to that court.

## ORDER

AND Now, this 11th day of March, 1982, the order of the Court of Common Pleas of Philadelphia County, dated July 13, 1979, sustaining the appeal of Melvin Banks and reversing the decision of the Civil Service Commission of the City of Philadelphia, is reversed, and this case is remanded to that court to rule upon the undisposed issues raised by Melvin Banks in his appeal to that court from the Commission's decision.

Judge PALLADINO did not participate in the decision in this case.