James M. Barnes, Petitioner *v.* Commonwealth of Pennsylvania, Department of Justice and the Commissioner of State Police, Respondents.

Argued September 13, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and MAC-PHAIL, sitting as a panel of three.

*Michael E. Dunlavey, Orton, Joyce & Dunlavey, P.C.,* for petitioner.

*Joseph S. Rengert,* Assistant Counsel, with him *Francis X. O'Brien, Jr.,* Chief Counsel, for respondents.

OPINION BY JUDGE MACPHAIL, November 17, 1982:

This is the appeal[1] of Trooper James M. Barnes (Petitioner) from an order of the State Police Commissioner (Commissioner) suspending him for three days.

On October 4, 1978, Petitioner was attending a station dinner party for members of Troop "E" of the Pennsylvania State Police and was acting as bartend-

---

[1] This case was heard by the Supreme Court on March 2, 1982, on the issue of timeliness of the appeal. The Supreme Court issued an order vacating the order of the Commonwealth Court on February 27, 1981, and remanded the case to this Court for an argument on the merits.

er. At approximately 11:00 p.m. that evening, a physical altercation erupted between Petitioner and Sergeant Gregory N. Patterson. Both officers were off-duty and both were drinking alcoholic beverages at the party. From the testimony of other witnesses it would appear that both men were intoxicated. Sergeant Patterson hit Petitioner in the face with his fist with such force that Petitioner was knocked to the floor and rendered unconscious. For that action Sergeant Patterson was suspended for ten (10) days.

An internal investigation was conducted and subsequently Petitioner was charged with a violation of a Pennsylvania State Police Field Regulation pertaining to drinking while off duty[2] and was given a one day suspension. Petitioner appealed that decision to the Regional Disciplinary Board (Board) which sustained the determination of impropriety and increased the suspension to three days. Petitioner filed an exception to the Board's finding and appealed to the Commissioner. On April 23, 1979, the Commissioner issued an order affirming the decision of the Board. It is that order from which the instant appeal was taken.

The charge upon which the disciplinary action is based is that Petitioner consumed "alcoholic beverages to the extent that he became provocative and was physically assaulted by Sergeant Gregory N. Patterson" in violation of the "Use of Alcohol—Off Duty" Field Regulations.

Petitioner first contends that there was no substantial evidence from which the Board could have found

---

[2] Field Regulation 1-1, Section 1.21, "Use of Alcohol—Off Duty" provides:

A Member, while off duty, shall not consume alcoholic beverages to the extent that it results in public behavior which could reasonably be expected to destroy public respect and/or confidence in the officer and/or Department.

that he was provocative. Our reading of the record indicates that the advocate before the Board, Captain Johnson, concluded that Petitioner must have made a provocative remark or Sergeant Patterson would not have struck him. He stated to the Board:

> We have nobody that actually heard the remark, didn't (sic) remember or recalls what remark was made. The only thing is that the swift action by both Sergeant Patterson and what he said, we have to *assume* there was a remark made. There was nobody that was close enough to hear the remark because the fact that the conversation was low toned, there was (sic) no loud voices or talking. (Emphasis added.)

That statement was based upon the testimony of the investigating officer, Lieutenant Martin, who said:

> Yes, on several occasions talking to the crowd of Troopers it was learned that after the incident we realized that nobody heard the actual comment between Tpr. Barnes and Sgt. Patterson. But immediately after the incident, and Tpr. Barnes was lying on the floor unconscious, Sgt. Patterson still in an uncontrolled state is trying to get at him continually and he'd been restrained. And Sgt. Patterson made the remark about "you can't say that about my wife." And it was determined that his words to the effect it was already testified to concerning the night he married a Canonsburg nigger.

Of course, if such a remark was made, it would be highly provocative.

Our reading of the record indicates, however, that (1) Sergeant Patterson could not remember what was said except that it was something relative to his wife and (2) No other witness was able to testify what was said by the Petitioner. The most that any witness can recall is that *after* Sergeant Patterson struck Peti-

tioner and was being restrained by other officers from continuing his attack on the Petitioner, he was heard to say, "Nobody talks like that about my wife." The Petitioner testified that he never made the remark attributed to him by Lientenant Martin. In short, not one person, including the Petitioner or Sergeant Patterson, know what was said on the evening of the altercation. As a result, there exists no substantial evidence of record upon which we can affirm the finding of the Commissioner that Petitioner acted in a provocative manner.

It is well settled that in an appeal from an agency adjudication under provisions of the Administrative Agency Law, 2 Pa. C. S. §704, such adjudication will be affirmed unless it is not in accord with the law or unless a necessary finding of fact is unsupported by substantial evidence. Substantial evidence must be something more than a scintilla creating a mere suspicion of the existence of a fact, and must be such relevant evidence as a reasonable mind might consider adequate to support a conclusion. *Shive v. Bellefonte Area Board of School Directors,* 12 Pa. Commonwealth Ct. 543, 317, A.2d 311 (1973).

We have carefully read the record and must reach the conclusion that the evidence here was insufficient to prove that Petitioner's actions were so provocative as to cause Sergeant Patterson to attack him. As a result, we cannot conclude as a matter of law that Petitioner violated Field Regulation 1-1, Section 1.21. Moreover, since the charge against the Petitioner was limited to the events that occurred at the party which was not open to the public, it would be unlikely that Petitioner's actions at that party would affect the public's respect or confidence.

The Commissioner's order affirming the decision of the Board was based on suspicion and conjecture rather than substantive proof. *Shive.* As stated in

*Gallagher v. Philadelphia Civil Service Commission,* 16 Pa. Commonwealth Ct. 279, 283, 330 A.2d 287, 289 (1974), "in our system of jurisprudence, suspicion may never be substituted for the standard of proof required by our laws in order that the end is justified by the means."

Being satisfied that the record before us does not support, by substantial evidence, the Board's finding that Petitioner's conduct resulted in public behavior which could reasonably be expected to destroy public respect and confidence in the officer and the department, we need not consider here the other issues raised by Petitioner since we must reverse on the basis of the above.

### ORDER

It is ordered that the order of the Commissioner, dated April 23, 1979, suspending Trooper James M. Barnes for three days, without pay and ordering that "SP" be carried on Trooper Barnes' individual record of absence is hereby reversed. The Commissioner of the State Police is ordered to pay Trooper Barnes full back pay less income earned and emoluments appertaining to his position for the days May 21-23, 1979, inclusive. The designation "SP" shall be stricken from Trooper Barnes' individual record of absences.