City of Philadelphia Commission on Human Relations, Appellant *v.* The Trustees of the University of Pennsylvania, Appellee.

Argued April 11, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*Susan Shinkman,* Assistant City Solicitor, with her, *Robert E. Silverman,* Assistant City Solicitor, *Ralph J. Teti,* Deputy City Solicitor, and *Barbara W. Mather,* City Solicitor, for appellant.

*Jonathan A. Kane,* with him, *Robert J. Hoelscher, Drinker, Biddle & Reath,* for appellee.

OPINION BY JUDGE COLINS, August 6, 1985:

The Philadelphia Human Relations Commission (Commission) appeals from a decision of the Court of Common Pleas of Philadelphia County which reversed its order finding the Trustees of the University of Pennsylvania (appellees) guilty of discrimination on account of race. The court held that there was no evidence of any discrimination on the record, but significant evidence of inadequate job performance by the discharged employee, James Johnson. Johnson, a black man employed as a stockkeeper in the University's Laboratory for Research, alleged discrimination when he was terminated and replaced by a Caucasian employee.

On appeal, the Commission contends that the Court of Common Pleas erred in vacating its order as not supported by substantial evidence nor in accordance with law. It claims that the court improperly substituted its judgment on questions of credibility and the weight of the evidence, which showed discrimination, based primarily on the fact that Johnson was replaced by a Caucasian employee.

This Court has consistently held that our scope of review is limited to a determination of whether the Commission's adjudication is in accordance with law, constitutional rights have been violated or the findings of the Commission are not supported by substantial evidence. *Civil Service Commission of Philadelphia v. Banks,* 65 Pa. Commonwealth Ct. 271, 442 A.

2d 41 (1982). "Substantial evidence must be something more than a scintilla creating a mere suspicion of the existence of a fact, and must be such relevant evidence as a reasonable mind might consider adequate to support a conclusion." *Barnes v. Department of Justice et al.*, 70 Pa. Commonwealth Ct. 47, 51, 452 A. 2d 593, 595 (1982).

The Common Pleas Court in the instant matter properly found that the Commission's finding of discrimination was not supported by substantial evidence. When virtually the only evidence of discrimination is the fact that a black employee was replaced by a Caucasian one, there is insufficient evidence to sustain such a finding.

There is, however, sufficient evidence on the record of Johnson's inadequate job performance. Testimony before the lower court clearly established that between October 1974 and February 1975, Johnson's supervisors grew increasingly displeased with his work. He was unable to locate supplies and was generally unable to perform his job without constant supervision and advice. The Commission, therefore, erred in finding that Johnson was discharged on the basis of discrimination.

Having concluded that the Common Pleas Judge was correct in his conclusion that the Commission's finding was not supported by substantial evidence, we need not discuss appellee's claims concerning an alleged denial of due process.

The order of the Court of Common Pleas of Philadelphia County is affirmed.

## ORDER

AND Now, August 6, 1985, the order of the Court of Common Pleas of Philadelphia County, No. 1378 May Term, 1978, dated October 17, 1983, is affirmed.